IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Brian Hundley, *et al.*, | : | |
| | : | Case No. C-1-05-255 |
| Plaintiffs, | : | |
| v. | : | District Judge Susan J. Dlott |
| | : | |
| Pinnacle Building Systems Corp., | : | ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL; DENYING AS MOOT DEFENDANT'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL ANSWER; DISMISSING CASE WITH PREJUDICE; AND ORDERING NOTICE OF DISMISSAL TO BE SENT TO PLAINTIFFS |
| Defendant. | : | |

This matter comes before the Court on Defendant's Motion for Leave to File Supplemental Answer (doc. #10) and a Motion to Withdraw as Counsel (doc. #12). Defendant moved for leave to amend its answer to add certain defenses arising from Plaintiffs' alleged conduct in their bankruptcy case. (See doc. # 10.) Defendant submitted that Plaintiffs' bankruptcy case was closed on December 21, 2005 and that Plaintiffs did not list their claims in this case as assets in their bankruptcy proceeding, rendering the claims property of the bankruptcy estate and divesting Plaintiffs of standing to pursue the claims. (Id.)

On April 10, 2006, Plaintiffs' counsel, Mr. Rex Wolfgang, moved the Court for an Order allowing him to withdraw as counsel in this case. (See doc. # 12.) He submitted that Plaintiffs had filed for bankruptcy and named him as a creditor, that their bankruptcy had since closed, and that since the close of Plaintiffs' bankruptcy, he had tried without success to contact Plaintiffs to inquire about both their intentions regarding this case and his attorney fees. (Id.)

In light of both Defendant's and Mr. Wolfgang's motions, the Court entered an order

requiring the Plaintiffs to show cause why Mr. Wolfgang's Motion should not be granted and why this case should not be dismissed ("Show Cause Order") (doc. # 13). The Court ordered Plaintiffs to enter an appearance, either *pro se* or of new counsel, by May 26, 2006. (Id.) The Court further ordered that it would hold a hearing on May 26, 2006 at 2 p.m. regarding Mr. Wolfgang's Motion to Withdraw and the status of this case, and that Plaintiffs and their new counsel, if any, must appear before the Court at the hearing. (Id.) The Court informed Plaintiffs that if they failed to appear at the hearing, this case would be dismissed. (Id.)

The Court held its hearing pursuant to the Show Cause Order on May 26, 2006. As of the time of the hearing, neither Plaintiffs nor new counsel for Plaintiffs had entered an appearance. Moreover, neither the Plaintiffs nor any new counsel for the Plaintiffs appeared at the hearing. The Court accordingly stated at the hearing that Mr. Wolfgang's Motion to Withdraw was granted and that it intended to dismiss this case.

Rule 41(b) provides that a court may dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of [the] court." Fed. R. Civ. P. 41(b). Here, the Plaintiffs have failed to comply with this Court's Show Cause Order and have also failed to prosecute this case. Dismissal under Rule 41(b) "is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" Knoll v. American Tel. & Tel. Co., 176 F.3d 359, 362 (6th Cir. 1999). A court should consider four factors when deciding whether to dismiss a case pursuant to Rule 41(b): "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic

sanctions were imposed or considered before dismissal was ordered." Id. at 363. "Although typically none of the factors is outcome dispositive, it is said that a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." Id.

Here, Plaintiffs' counsel[1] represented to the Court that Mr. Wolfgang had caused to be sent to Plaintiffs, by certified mail, a letter regarding this Court's Show Cause Order, and that Mr. Wolfgang's office had since received the signed certified mail receipt. Thus, as Plaintiffs apparently had notice via the Show Cause Order that failure to respond could lead to dismissal, their failure to comply with that Order appears to have been wilful. Factors one and three therefore support dismissal. In this case, it does not appear that Defendant's were substantially prejudiced, save for a delay in the case, by Plaintiff's neglect of this case. Factor two thus weighs slightly in favor of dismissal. Finally, upon Mr. Wolfgang's and Defendant's Motions, this Court did not immediately dismiss Plaintiffs' case, but rather entered the Show Cause Order to give Plaintiffs a chance to proceed with this case. Thus, factor four also supports dismissal.

The Court is aware of some arguably contradictory persuasive authority in the Sixth Circuit's unpublished opinion in Lewis v. Roofers Union Local No. 42, Nos. 96-3037, 96-3038, 1996 WL 549807 (6th Cir. Sept. 26, 1996). The Court finds, however, that Lewis is distinguishable from this case for two significant reasons. In Lewis, the Sixth Circuit reversed the district court's grant of an involuntary dismissal for failure to prosecute where, as here, the plaintiff did not timely respond to a court's show cause order, which the court had issued following the plaintiff's attorney's filing of a motion to withdraw. Id. at *1. In Lewis, however, unlike here, the plaintiff belatedly responded to the magistrate's show cause order and also filed

[1] One of Mr. Wolfgang's associates appeared for Mr. Wolfgang at the hearing.

objections to his recommendation that her case should be dismissed *before* the district court dismissed the plaintiff's case. Id. Also, there are unique circumstances here regarding Plaintiffs' bankruptcy petition that were absent in Lewis. Specifically, here, Plaintiffs' counsel and defense counsel have represented to the Court that, respectively, Plaintiffs listed their counsel as a creditor in and failed to include this case as an asset in their bankruptcy case. (See doc. # 10 at 1, doc. # 12.) Counsels' representations indicate that Plaintiffs do not intend to – and in fact may no longer have standing to – pursue this case. As Plaintiffs have failed to respond either to their (now-former) counsel's queries in the six months following their bankruptcy case's closure, or to the Court to contradict counsels' representations, the Court has no viable option besides dismissing this action for failure to prosecute.

Thus, as the majority of the factors strongly support dismissal, and as Plaintiffs have clearly exhibited a pattern of neglecting this case by failing to respond to either their counsel's queries or this Court's Order, the Court holds that dismissal under Rule 41(b) is warranted. Consistent with its statements at the hearing, and for the reasons above, the Court **GRANTS** Mr. Wolfgang's Motion to Withdraw as Counsel (doc. #12), **DENIES AS MOOT** Defendant's Motion for Leave to File Supplemental Answer (doc. #10), and **DISMISSES** this case **WITH PREJUDICE**. The Court further **ORDERS** Mr. Wolfgang to send a copy of this Order to Plaintiffs by certified mail.

IT IS SO ORDERED.

s/Susan J. Dlott
Susan J. Dlott
United States District Judge